Certiorari to review judgments of the Court of Claims holding that under Government construction contracts reimbursement should have been made for an increase in wages, since the contracts specifically provided for such a contingency, and plaintiff was entitled to recover the balance in each case; and also holding that the contractor was without fault in failing to appeal from the decisions of the contracting quartermaster as to the increase in wages on the ground that the contracts provided an automatic increase in contract price to cover such an increase in wages.
The judgment of the Court of Claims was reversed by the Supreme Court May 20, 1946.
Mr. Justice Murphy
delivered the opinion of the Supreme Court, holding:
1. The narrow question involved is whether a contractor’s failure to exhaust the administrative appeal *853 provisions of a Government contract bars Mm from bringing suit in the Court of Claims to recover damages.
2. When the contractor chooses without due cause to ignore the provisions of Article 15 (of the standard Government construction contract) he destroys his right to sue for damages in the Court of Claims. That court is then obliged to outlaw his claims, whatever may be their equity. To do otherwise is to rewrite the contract.
3. Both the dispute over the footing excavations and the dispute over the bricklayers’ wages were “questions arising under this contract” within the meaning of Article 15.
4. Where provision in Government construction contract for automatic increase of contract price by reason of increase in wages did not come into operation because wage increase was not established by Federal Emergency Administration of Public Works as required, the authority of contracting officer to direct the wage increase and the effect of ruling of Board of Labor Review purporting to fix prevailing wages to apply to another contract within vicinity where contract was being performed, presented questions on which contractor should have secured an administrative determination, pursuant to provisions in the contract, before resorting to the courts.
5. In this instance no justifiable excuse is apparent for respondent’s failure to exhaust the appeal provisions of Article 15. Certainly the reasons relied upon by the Court of Claims are lacking in merit.
6. Respondent having failed to avail itself of the procedure created by Article 15 for the settlement of disputes arising under the contracts, it was precluded from bringing suit on such matters in the Court of Claims. And the Court of Claims erred in entertaining and deciding the claims involving those disputes.
Mr. Justice Douglas filed an opinion dissenting, in part, in which Mr. Justice Frankfurter and Mr. Justice Rutledge joined.
Mr. Justice Jackson took no part in the consideration or decision of these cases.